IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Peter James Roberts<br>Ginger M. Roberts aka Ginger Marlene Bauman<br>aka Ginger Marlene Confer aka Ginger Marlene<br>Roberts<br>        Debtors | CHAPTER 13 |
| MTGLQ Investors, LP<br>        Movant<br>vs. | NO. 14-15250 REF |
| Peter James Roberts<br>Ginger M. Roberts aka Ginger Marlene Bauman<br>aka Ginger Marlene Confer aka Ginger Marlene<br>Roberts<br>        Debtors | 11 U.S.C. Section 362 |
| Frederick L. Reigle<br>        Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$12,880.22,** which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | May 2016 through September 2016 at $1,099.95/month<br>October 2016 through December 2016 at $1,165.47/month<br>January 2017 through September 2017 at $1,170.03/month<br>October 2017 at $1,224.34 |
| Less Suspense Balance: | $901.55 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$12,880.22** |

2. The Debtor(s) shall cure the aforesaid arrearage in the following manner:

    a). Within seven (7) days of the Court Order approving of and/or granting this stipulation, Debtor(s) shall tender a down payment of **$8,000.00** toward the aforesaid arrearage;

    b). Within seven (7) days of the Court Order approving of and/or granting this stipulation, Debtor shall file a motion to modify the Chapter 13 plan post-confirmation to provide for payment of the balance of the post-petition arrears of **$12,880.22**, after subtracting the down payment amount, together with the pre-petition arrears;

    c). Movant shall file an Amended or Supplemental Proof of Claim that includes the post-petition arrears of **$12,880.22**, together with the pre-petition arrears.

d). The 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due November 1, 2017 and continuing thereafter, Debtor(s) shall maintain, and pay when due, the regular post-petition contractual monthly mortgage payment of $1,224.34 (or as adjusted under the terms of the mortgage), which payment is due on or before the first (1st) day of each month (with late charges assessed after the 15th of the month).

4. Should Debtors provide sufficient proof of payments made (front & back copies of cancelled checks and/or money orders), but not credited, Movant shall adjust the account accordingly.

5. In the event that any of the payments due under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing, and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice.

6. If Debtors should fail to cure the aforesaid default within fifteen (15) days, or in the event that the down payment described in Section 2 above is not made within the time period specified in Section 2 (there being no requirement for Movant to send a Notice of Default with regard to said breach), Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting Movant relief from the automatic stay with respect to the mortgaged property, and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to said Order. The Order shall be in the form set forth in the proposed order filed with Movant's Motion for Relief, or in a form substantially similar. ("Movant" in this paragraph and hereinafter refers to Movant or to any of its successors or assignees, should the claim be assigned or transferred.)

7. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the loan, mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: November 15, 2017

By: /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant

Date: 11-15-17

David W. Tidd, Esquire
Attorney for Debtors

Date: 11/15/17

Frederick L. Reigle
Chapter 13 Trustee

Approved by the Court this ____ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

**Date: November 20, 2017**

Bankruptcy Judge
Richard E. Fehling